## In the Matter of Jonathan S. GOTKIN.

### No. 49S00–0307–DI–291.

Supreme Court of Indiana.

May 17, 2005.

### *ORDER IMPOSING DISCIPLINE UPON AGREED FACTS*

Pursuant to Ind.Admission and Discipline Rule 23, Section 17(a), the respondent has submitted to this Court his affidavit consenting to discipline in which he acknowledges the truth of the material facts set forth in the Indiana Supreme Court Disciplinary Commission's *Verified Complaint for Disciplinary Action,* filed July 2, 2003. The admitted facts are summarized as follows:

**Facts:** On January 1, 1998, respondent's trust account had a balance of $90.28. On June 30, 1998, it had a negative balance of $573.68. Between these two dates, respondent received funds into his trust account from 60 clients for whom he made no disbursements as of June 30, 1998. Additionally, between these dates respondent made disbursements on behalf of 102 clients for whom he held no money in trust. Respondent inappropriately used the funds of one set of clients to satisfy the financial requirements of another set of clients. Of the disbursements made by respondent during this time, $23,000 was in the form of improper cash withdrawals. Further, respondent failed to notify his bank that the trust account was subject to overdraft reporting and failed to maintain adequate account records.

In a separate incident, respondent filed a motion to continue a dissolution matter the day before the hearing and then failed to appear without determining whether the motion had been granted. The court had not granted the motion for a continuance.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.15(a), which requires lawyers to hold in trust client funds that come into the lawyer's possession; Prof.Cond.R. 3.4(c), which prohibits a lawyer from knowingly disobeying an obligation under the rules of a tribunal; Prof.Cond.R. 8.4(b), which prohibits a lawyer from committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer; Prof.Cond.R. 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; Ind. Admission and Discipline Rule 23, Section 29(a)(1), which requires a lawyer to notify his bank that his trust account is subject to overdraft reporting; Admis.Disc.R. 23, Section 29(a)(2) and (3), which require a lawyer to create and maintain an adequate trust account ledger for five years; and Admis.Disc.R. 23, Section 29(a)(5), which prohibits a lawyer from writing checks from his trust account made payable to "cash".

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of six (6) months, beginning July 1, 2005, without automatic reinstatement thereafter. Costs of this

proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.